1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                                FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ERNEST MEDINA,

11              Plaintiff,                              No. 2:12-cv-1598 GGH P

12        vs.

13    GARY R. STANTON, et al.,

14              Defendants.                            ORDER

15    _____/

16              Plaintiff is a county jail detainee proceeding pro se.  He seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18    pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              The court is required to screen complaints brought by prisoners seeking relief

23    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

1

1  U.S.C. § 1915A(b)(1),(2).

2          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

4  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989); Franklin, 745 F.2d at 1227.

9          A complaint must contain more than a "formulaic recitation of the elements of a

10  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

11  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

12  "The pleading must contain something more...than...a statement of facts that merely creates a

13  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

14  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

15  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

16  v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A

17  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

18  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

19          In reviewing a complaint under this standard, the court must accept as true the

20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23  1843 (1969).

24          Plaintiff states he is being denied access to the courts as he was transferred from

25  Atascadero State Hospital to Solano County Jail, but he did not receive all of his legal papers.

26  Plaintiff states he has two criminal cases and three civil rights cases pending.  However, plaintiff

2

provides few other details regarding these cases or how the lack of certain legal papers prejudiced him.  Plaintiff has submitted insufficient information to show a possible constitutional violation. Moreover, plaintiff does not identify any specific actors as being responsible (the only identified defendant is the Sheriff, apparently in his supervisory capacity).  Plaintiff must provide more information showing an actual injury in an effort to pursue a case and identify who was responsible and how.  The complaint is dismissed with leave to file an amended complaint within twenty-eight days of service of this order.  Failure to file an amended complaint will result in this action being dismissed.

Prisoners have a constitutional right to be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).  This right applies to prisoners' challenges to their convictions or sentences or conditions of confinement.  Id. at 354.  Prison officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file them."  Id. at 350.  To establish a claim for any violation of the right of access to the courts, prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous claim concerning their conviction or conditions of confinement has been hindered.  Id. at 350-55.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

1  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2          Moreover, supervisory personnel are generally not liable under § 1983 for the

3  actions of their employees under a theory of respondeat superior and, therefore, when a named

4  defendant holds a supervisorial position, the causal link between him and the claimed

5  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

6  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

7  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

8  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

9  Cir. 1982).

10          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14  there is some affirmative link or connection between a defendant's actions and the claimed

15  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

16  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

17  vague and conclusory allegations of official participation in civil rights violations are not

18  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

21  amended complaint be complete in itself without reference to any prior pleading.  This is

22  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

23  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

24  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25  original complaint, each claim and the involvement of each defendant must be sufficiently

26  alleged.

1        In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5   § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the

6   Sheriff of Kern County filed concurrently herewith.

7        3.  The complaint is dismissed for the reasons discussed above, with leave to file

8   an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

9   file an amended complaint will result in this action be dismissed.

10   DATED: August 21, 2012

11

12                      /s/ Gregory G. Hollows
                 UNITED STATES MAGISTRATE JUDGE

13   GGH: AB
    medi1598.b

14

15

16

17

18

19

20

21

22

23

24

25

26